UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>HARRY SIEGFRIED RAHN, )<br>)<br>Defendant. ) | CRIMINAL NO. 2:13cr92-002<br><br>Sentencing Date: June 2, 2014 |

**POSITION OF THE UNITED STATES WITH RESPECT
TO PRE-SENTENCE REPORT AND SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Stephen W. Haynie, Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A1.2 (Nov. 2007), files this Position of the United States with Respect to Pre-Sentence Report and Sentencing in the instant case. The United States asks the Court to impose a sentence at the low end of the applicable, properly calculated Sentencing Guideline. Such a sentence would appropriately account for each of the factors set forth in 18 U.S.C. § 3553(a).

I. **U.S.S.G. CALCULATION AND OBJECTIONS**

**Relevant Conduct, Giving/Accepting Kickback on Navy Contract, U.S.S.G. § 2B4.1**

The defendant objects to the attributed loss and restitution amounts of $97,601.91 which contains relevant conduct amounts of $37,537.06 (attributed to providing/accepting kickbacks relating to Navy contracts, charged conduct to which defendant pleaded guilty) and $60,064.85 (attributed to honest services wire fraud, charged conduct which was not related to Navy contracts and to which the defendant did not plead guilty).

In the plea agreement, the parties recommended, pursuant to Federal Criminal Rule 11(C)(1)(b), that the relevant conduct loss amount range should be more than $30,000 and less than $70,000.  The government's position on this issue was premised upon avoiding a lengthy (at least 6 days) jury trial and numerous out-of state witnesses. If the government prevailed on the honest services wire fraud counts (we take no position as to whether or not the government would have prevailed on these counts), it would have resulted in an additional $60,000 (based on an honest services wire fraud theory) and would only have added no more than a two-level enhancement to the final U.S.S.G. number (not including Acceptance of Responsibility (AOR)).  In fact, by adding a two-level enhancement to Offense Level 16 for the additional relevant conduct (honest services wire fraud), rather than the Offense Level 14 level (kickbacks), there would be only a one-level difference due the third point for AOR, with a Final Offense Level of 13 rather than 12).   Moreover, neither defendant will receive a 5K downward departure motion due to the fact that the defendants are friends and consistently refused to cooperate against each other.  Based on the aforementioned reasons, the government will object to adding the honest services wire fraud relevant conduct to the Final Offense conduct level.  The government contends that a 10-16 month U.S.S.G. range is the appropriate range.

### A Sentence of 10 Months (Zone C) Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a)

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken

2

into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(a)(1) *Nature and Circumstances of the Offense*: Applying these sentencing factors to the facts of this case demonstrates that a sentence of 10 months incarceration is appropriate and reasonable. In this case, the defendants caused a loss to the government of approximately

3

$37,000. The government suffered no loss relating to the wire fraud charges.

(2) *History and Characteristics of Defendant*: The defendant has no prior felonies and is in a stable marriage with his spouse, a criminal defense attorney.

(2)(A) *Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote the Respect for Law, and to Provide Just Punishment for the Offense*

Kickbacks among defense contractors and sub-contractor is a serious fraud crime, as suggested by the Commercial Bribery/Kickbacks Offense Conduct, U.S.S.C. § 2B4.1. Defendant paid out approximately $37,000 in an effort to defraud the government and to get rich quick.

(2)(B),(C) *Need to Afford Adequate Deterrence and Protect Public from Further Crimes*

A jail or prison sentence would be the best deterrence to deter future criminal conduct and protect the public and the government fisc.

(6) *Need to Avoid Unwarranted Sentence Disparities*

Co-defendant Hooper is expected to receive a sentence similar to that of defendant.

(7) *Need to Provide Restitution*

Defendant has the ability to pay full restitution.

## II. CONCLUSION

Therefore, for the above-stated reasons, the United States submits that a sentence of 10 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

    Respectfully submitted,

    Dana J.Boente
    United States Attorney


    _____/s/_____
    Stephen w. Haynie
    Assistant United States Attorney
    Virginia State Bar Number 30721
    Attorney for the United States
    101 West Main Street, Suite 8000
    Norfolk, VA 23510
    Office Number: (757) 441-6331
    Facsimile Number: (757) 441-6689
    Email Address: steve.haynie@usdoj.gov

## Certificate of Service

I hereby certify that on the 26th day of May, 2014, I electronically filed the foregoing to the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

James a. Bustamante
Counsel for Defendant
809 Montgomery Street, 2nd Floor
San Francisco, CA 94133
(415)394-3800
jbustamante1@msn.com

A copy of the foregoing will be sent by PDF email to the following:

Jason D. Cole
U.S. Probation Officer
1001 Omni Blvd., Suite 300
Newport News, VA 23606
jason_cole@vaep.uscourts.gov

                                               /s/
                                       Stephen w. Haynie
                                       Assistant United States Attorney
                                       Virginia State Bar Number 30721
                                       Attorney for the United States
                                       101 West Main Street, Suite 8000
                                       Norfolk, VA 23510
                                       Office Number: (757) 441-6331
                                       Facsimile Number: (757) 441-6689
                                       Email Address: steve.haynie@usdoj.gov